# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs January 15, 2014

## STATE OF TENNESSEE v. WILLIAM AVERY MCKNIGHT

### Appeal from the Circuit Court for Marshall County
### No. 13-CR-39      Robert Crigler, Judge

_____

### No. M2013-01423-CCA-R3-CD - Filed February 20, 2014

_____

The Defendant, William Avery McKnight, pleaded guilty to aggravated burglary and theft of property over $1000, with the trial court to determine the length and manner of the sentences. The trial court ordered the Defendant to serve an effective sentence of eight years in the Tennessee Department of Correction. The Defendant appeals, asserting that the trial court erred when it denied his request for alternative sentencing. After a thorough review of the record and applicable law, we affirm the trial court's judgments.

### Tenn. R. App. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and THOMAS T. WOODALL, J., joined.

William J. Harold, Lewisburg, Tennessee, for the appellant, William Avery McKnight.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Robert Carter, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General for the appellee, State of Tennessee.

## OPINION
### I. Background and Facts

A Marshall County grand jury indicted the Defendant for aggravated burglary and theft of property over $1000. On April 17, 2013, the Defendant entered a plea of guilty to the indicted offenses. The trial court sentenced the Defendant to eight years as a Range II offender.

At the guilty plea submission hearing, the State offered the following recitation of the

evidence in support of the trial court's acceptance of the Defendant's guilty plea:

> On January 6, 2013 an individual named Doug Curr entered his residence at 326 Hilldale Street here in Marshall County. Mr. Curr reported that he heard someone in his house. He then noticed and identified someone in his utility room. Mr. Curr then stepped back out of his front door at which time he identified two white males running out of the back of his apartment or his residence. He identified one of the white males as wearing baggy pants and running left of the garage and the other gentleman ran to the other side of the garage. One of those men was wearing a striped shirt and the pants I described a few seconds ago.

> Entry was made through the front door. This was a residence in Marshall County.

> Law enforcement did have the victim review a lineup in which case he did identify the [D]efendant.

> The items stolen include among many other things jewelry, electronics, bracelets, chains, pendants, earrings, watches, computers; several other type items.

The trial court explained the full range of punishment for the offenses and confirmed the Defendant's understanding that the trial court would later, at a sentencing hearing, determine the length and the range of the sentence.

At the sentencing hearing, the trial court admitted into evidence the presentence report and copies of the judgment forms for two burglary of an automobile convictions from 2008. Crystal Grey, a Tennessee Department of Correction probation officer, testified that she prepared the pre-sentence report in this case. She confirmed that the Defendant was twenty-two years old and committed the instant offenses on January 6, 2013, with a juvenile co-defendant.

Ms. Grey testified that the police were unable to recover the stolen items in this case, other than the laptop computer that witnesses observed the Defendant hide in a crawl space underneath the juvenile co-defendant's residence. Ms. Grey confirmed that she provided the Defendant a questionnaire to fill out for the presentence report but stated that the Defendant chose not to do so. Ms. Grey testified that the total value of the items taken, excluding the laptop computer valued at $800, was $5,500.

Ms. Grey testified that the Defendant had prior convictions for which he had been placed on probation. The Defendant was serving a probation sentence at the time of this offense. She noted that the Defendant had twice violated a probation sentence. Ms. Grey agreed that the Defendant had juvenile convictions for crimes that, had he been an adult, would have been classified as felony offenses. The only record of employment for the Defendant was from June 17, 2012, to September 2012, approximately three months. Ms. Grey said that the Defendant told her that this was the only job he had ever held.

The Defendant asked the trial court for "one more chance." He testified that he had learned the day before that his father had been diagnosed with throat cancer that would require a surgery. He said that his mom had arranged a roofing job for him that paid $10 an hour.

After hearing the evidence, the trial court considered the Defendant's criminal history beginning at age eighteen with two auto burglaries. Based upon these convictions, the trial court determined that the Defendant would be sentenced as a Range II, multiple offender. The trial court then recited the Defendant's criminal history, which included convictions for: assault, attempted assault, first-degree burglary, theft, criminal trespass, public intoxication, and simple possession of drugs. The Defendant also had two probation violations. The trial court noted that the Defendant was on probation at the time of the instant offense. The trial court considered the Defendant's 10th grade education, lack of employment, age, the statutory mitigating and enhancement factors, the criminal conduct involved, arguments of counsel, and the principles of sentencing. It then sentenced the Defendant to serve eight years for the aggravated burglary conviction and six years for the theft conviction, to run concurrently. It is from these judgments that the Defendant now appeals.

## II. Analysis

The Defendant argues that the trial court erroneously denied him alternative sentencing. While he acknowledges his "significant number" of prior criminal convictions, he asserts that his last criminal conviction was in 2006. The State responds that the trial court properly considered the Defendant's lengthy history of criminal activity and substance abuse in denying alternative sentencing. We agree with the State.

In *State v. Bise*, the Tennessee Supreme Court reviewed changes in sentencing law and the impact on appellate review of sentencing decisions. The Tennessee Supreme Court announced that "sentences imposed by the trial court within the appropriate statutory range are to be reviewed under an abuse of discretion standard with a 'presumption of reasonableness.'" *Bise*, 380 S.W.3d at 682. A finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual

circumstances and relevant legal principles involved in a particular case.'" *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)). To find an abuse of discretion, the record must be void of any substantial evidence that would support the trial court's decision. *Id.*; *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). The reviewing court should uphold the sentence "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Bise,* 380 S.W.3d at 709-10. So long as the trial court sentences within the appropriate range and properly applies the purposes and principles of the Sentencing Act, its decision will be granted a presumption of reasonableness. *Id.* at 707.

Recently, our Supreme Court extended the *Bise* standard to appellate review of the manner of service of the sentence. The Court explicitly held that "the abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including the questions related to probation or any other alternative sentence." *Caudle*, 388 S.W.3d at 278-79. We are also to recognize that the defendant bears "the burden of demonstrating that the sentence is improper." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

In determining the proper sentence, the trial court must consider: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the mitigating and enhancement factors set out in Tennessee Code Annotated sections 40-35-113 and -114; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and (7) any statement the defendant made in the defendant's own behalf about sentencing. *See* T.C.A. § 40-35-210 (2010); *State v. Taylor*, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001). The trial court must also consider the potential or lack of potential for rehabilitation or treatment of the defendant in determining the sentence alternative or length of a term to be imposed. T.C.A. § 40-35-103 (2010).

With regard to alternative sentencing, Tennessee Code Annotated section 40-35-102(5) (2010) provides as follows:

> In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration.

A defendant who does not fall within this class of offenders, "and who is an especially mitigated offender or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." T.C.A. § 40-35-102(6). Generally, defendants classified as Range II or Range III offenders are not to be considered as favorable candidates for alternative sentencing. T.C.A. § 40-35-102(6). Additionally, we note that a trial court is "not bound" by the advisory sentencing guidelines; rather, it "shall *consider*" them. T.C.A.§ 40-35-102(6) (emphasis added).

Even if a defendant is a favorable candidate for alternative sentencing under Tennessee Code Annotated section 40-35-102(6), a trial court may deny an alternative sentence because:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

T.C.A. § 40-35-103.

The Defendant, a Range II offender, is not presumed a favorable candidate for alternative sentencing, and he has not carried his burden of demonstrating that he is a proper candidate for alternative sentencing. The Defendant's criminal history began when he was a minor. The Defendant has previously failed to comply with the conditions of probation sentences and was serving a probation sentence when he committed this offense. Although the Defendant is only twenty-two years of age, his criminal history is quite extensive. The record supports the trial court's determination that confinement is necessary based on the Defendant's lengthy criminal history. The trial court also properly concluded that confinement is necessary to avoid depreciating the seriousness of these offenses and because of the Defendant's repeated failures to comply with previous sentences involving release into the community.

Accordingly, the trial court followed the purposes and principles of the Sentencing Act when it applied a sentence within the appropriate sentencing range and the trial court

acted within its discretion when it denied alternative sentencing. The Defendant is not entitled to relief.

### III. Conclusion

In accordance with the foregoing reasoning and authorities, the judgments of the trial court are affirmed.

_____
ROBERT W. WEDEMEYER, JUDGE